UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY and AMBER AIKEN, ) | No. CV-07-068-LRS |
| ) Plaintiffs, ) | **ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA*** |
| v. ) | |
| DOUGLAS COUNTY and DAN ) LAROCHE in his capacity as ) FORMER SHERIFF OF DOUGLAS ) COUNTY, ) | |
| ) Defendants. ) | |

On August 1, 2008, Defendants filed two motions for summary judgment: A Motion For Summary Judgment Re Federal Law Claims (Ct. Rec. 20) and a Motion For Summary Judgment Re State Law Claims (Ct. Rec. 23). These motions were noted for hearing without oral argument on October 6, 2008.[1]

Plaintiff has not filed a response to either of these motions. Responses were due no later than August 15, 2008. LR 7.1(c) (11 calendar days for a response computed from August 4, 2008 pursuant to Fed. R. Civ. P. 6(d) adding three days where service is by electronic means). There is no stipulation or order of record

---

[1] Effective July 10, 2008, hearing on summary judgment motions must be noted at least 50 days after filing of the motion. LR 7.1(h)(1).

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT-    1**

extending the response time. As such, this court need not wait until October 6 to dispose of this matter.

A failure to timely file a memorandum of points and authorities in opposition to any motion may be considered by the court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default. LR 7.1(h)(5). Furthermore, pursuant to LR 56.1(d), in determining any motion for summary judgment, the court may assume the facts claimed by the moving party are admitted to exist except as and to the extent such facts are controverted by a statement of material facts filed by the non-moving party. Plaintiffs, the non-moving parties, have not filed a statement of material facts.

Based on LR 7.1(h)(5) and the uncontroverted statement of material facts (Ct. Rec. 26)[2] and memoranda of points and authorities (Ct. Rec. 21 and 24) filed by the Defendants, said Defendants' Motions For Summary Judgment (Ct. Rec. 20 and 23) are **GRANTED**. The undisputed facts establish as a matter of law that Defendant LaRoche's termination of Plaintiff Larry Aiken's employment was not in retaliation for Plaintiff's exercise of First Amendment rights (i.e., Plaintiff's support of candidates opposing LaRoche in elections for the Sheriff's office did not motivate the termination) and therefore, was not in violation of the public policy of the State of Washington. In turn, the court must find as a matter of law that Plaintiff's termination does not constitute "outrageous" conduct (intentional infliction of emotional distress), nor does it constitute a breach of duty which must be established in order to support a claim for negligent infliction of emotional distress. Defendants are awarded judgment on all of the federal and state law

---

[2] As supported by the Declaration of Dan LaRoche (Ct. Rec. 28) and exhibits attached thereto.

**ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT-    2**

1  claims set forth in Plaintiffs' complaint.

2  The telephonic status conference scheduled for September 19, 2008 is
3  **VACATED**.

4  **IT IS SO ORDERED**.  The District Executive is directed to enter judgment
5  accordingly and forward copies of the judgment and this order to counsel of
6  record.  This file shall be closed.

7  **DATED** this   12th    of September, 2008.

8  *s/Lonny R. Suko*

9  LONNY R. SUKO
   United States District Judge

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT-     3**